In the Matter of STUART M. GLASS (Admitted as STUART MICHAEL GLASS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 9, 1990

## APPEARANCES OF COUNSEL

*Gary L. Casella (Gary D. Egeman* of counsel), for petitioner.

*Wilson, Elser, Moskowitz, Edelman & Dicker (Steven L. Young* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent was charged with two allegations of professional misconduct. The Special Referee sustained charge one but failed to sustain charge two. The petitioner moves to confirm in part and disaffirm in part the report of the Special Referee, and the respondent cross-moves to confirm in part and disaffirm in part the report of the Special Referee.

The first charge alleged that the respondent, while representing the trustee of certain trusts, entered into negotiations with a corporate entity whereby the trusts would sell real property for approximately $245,000, allegedly far below the fair market value, that the respondent prepared contracts of sale, and that five days prior to the closing respondent purchased a 45% interest in the purchasing corporation for $29,500. Further, the respondent arranged for a loan of $190,000 by the trusts to the purchasing corporation.

The Special Referee found that by the respondent's obtaining a 45% interest in the purchasing corporation, he became a principal party to the transaction and thereby engaged in self-dealing, an impermissible conflict of interest and an appearance of impropriety.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The petitioner's motion to confirm in part and disaffirm in part is granted to the extent that it seeks to sustain charge one and is otherwise denied. The respondent's cross motion is granted to the extent that it seeks to confirm the dismissal of charge two and is otherwise denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the respondent's previously unblemished record and his cooperation throughout these proceedings. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is suspended from the practice of law for a period of one year commencing November 14, 1990, and until the further order of this court.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and EIBER, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted

to the extent that it seeks to sustain charge one and is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted to the extent that it seeks to confirm the dismissal of charge two and is otherwise denied; and it is further,

Ordered that the respondent Stuart M. Glass, is suspended from the practice of law for a period of one year, commencing November 14, 1990, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (see, 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Stuart M. Glass is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.